# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DANELLE DION ZOLLAR,<br>    Movant, | )<br>)<br>) |
| vs. | ) Case No. 07-0158-CV-W-FJG<br>) Crim. No. 00-00239-01-CR-W-FJG<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) |

## ORDER

  Currently pending before the Court is movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8), movant's motion for emergency hearing for writ of habeas corpus (Doc. No. 6), and movant's motion in support of issuance of subpoena duces tecum (Doc. No. 5). Movant asserts that he is being unconstitutionally imprisoned because (1) the Sentencing Guidelines have been ruled unconstitutional, and (2) the federal government had no jurisdiction to prosecute and hence the indictment was invalid.

  Respondent argues movant's motion is time barred and not certified as required by 28 U.S.C. § 2244. First, respondent argues this action is time barred because Section 2255 contains a one-year time limit for filing motions. According to respondent, since movant was sentenced on March 15, 2001 and did not appeal his sentence, the judgment became final after ten days, or March 26, 2001, when the availability of appeal was exhausted. Thus, respondent asserts that Section 2255 relief has been time barred since March 26, 2002. Second, respondent notes this is movant's second Section 2255 motion. Movant filed his first Section 2255 motion on May 13, 2002. Respondent argues that filing a second or successive motion under Section 2255 requires certification under Section

2244 by a panel of the appropriate court of appeals, which has not been done in this case. Thus, movant's motion should be dismissed.

The Court agrees with respondent that movant's motion is time barred and requires certification pursuant to Section 2244. Thus, the Court will not consider movant's motion on its merits because his claims are time barred. Section 2255 provides a one-year limitation statute of limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Court finds that since movant was sentenced on March 15, 2001 and did not appeal his sentence, movant's motion is time barred and is thus dismissed.

Further, even if movant's motion was not time barred under Section 2255, movant is still precluded from bringing forth his claims because he previously filed a Section 2255 motion on May 13, 2002. Under Section 2244(b)(3)(A), before a second or successive 2255 motion can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A second or successive Section 2255 motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[1]

28 U.S.C. § 2255. Movant's motion contains no such certification, and thus this motion must be dismissed.

Because the Court finds that movant's motion is procedurally barred, movant's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8) is **DENIED** and movant is entitled to no relief. As such, the Court concludes that an evidentiary hearing is unnecessary. It is further ordered that movant's motion for emergency hearing for writ of habeas corpus (Doc. No. 6), and movant's motion in support of issuance of subpoena duces tecum (Doc. No. 5) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:   8/21/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

---

[1] Movant asserted in his motion that the Court erred in making findings of fact. Presumably, movant is arguing that his sentence was determined based on guideline enhancements not found by a jury beyond a reasonable doubt, and hence his sentence is in violation of Booker v. United States, 543 U.S. 220 (2005). Even assuming that movant's motion was not procedurally barred, his claim would fail as a matter of law because the Eighth Circuit has determined that Booker does not apply retroactively to cases on collateral review. Lenford Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005)(per curiam).

3